# In the United States Court of Federal Claims

No. 19-766C
(Filed: September 20, 2019)

```
*******************************************
JOSHUA BERNSTEIN,                     *
                                      *   Pro Se Plaintiff; RCFC 12(b)(1);
              Plaintiff,              *   Subject-Matter Jurisdiction;
                                      *   Judicial Review; Collateral Attack of
v.                                    *   District Court Decisions; Declaratory
                                      *   Judgment; Statute of Limitations; Attorney
THE UNITED STATES,                    *   Disbarment
                                      *
              Defendant.              *
*******************************************
```

Joshua Bernstein, New York, NY, pro se.

Geoffrey M. Long, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Chief Judge

In the above-captioned case, pro se plaintiff Joshua Bernstein seeks a declaratory judgment that his disbarment from the practice of law in the United States District Court for the Eastern District of New York ("district court") is void. As explained below, this court lacks subject-matter jurisdiction to entertain plaintiff's complaint.

### I. BACKGROUND

Plaintiff was licensed to practice law in the State of New York on November 4, 1998.[1] Compl. Ex. D at 2. He was alleged to have converted client funds on or about July 1, 1999, which gave rise to a charge of professional misconduct. Id. at 4-5. On May 1, 2000, the Appellate Division of the Supreme Court of the State of New York's Second Judicial Department ("Second Judicial Department") referred this charge and two additional, unspecified charges of misconduct to a three-person disciplinary panel. Id. at 4. The panel unanimously

---

[1] The facts in this section are derived from the allegations in plaintiff's complaint, exhibits attached to the complaint, and facts of which the court may take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence.

found that plaintiff engaged in misconduct by converting client funds, but did not sustain the other two, unspecified charges. Id. at 4-5. Accordingly, on August 20, 2001, the Second Judicial Department issued an order disbarring plaintiff from the practice of law. Id. at 6. On April 17, 2002, in response to the Second Judicial Department's disbarment order and pursuant to its own local rules, the district court issued an order disbarring plaintiff "from the practice of law before this Court," and directing that "[plaintiff's] name be stricken from the Roll of Attorneys of this Court." Id. at 1. The order was "effective 24 days after the date of service upon [plaintiff] unless otherwise modified or stayed." Id.

Sometime thereafter, plaintiff appeared as an attorney in a proceeding before the United States Bankruptcy Court for the Eastern District of New York ("bankruptcy court"). Compl. Ex. F at 1. The bankruptcy court at some point became aware that plaintiff had been disbarred and issued an order directing plaintiff to show cause why he should not be sanctioned. Id. In response, plaintiff filed a motion to vacate his disbarment before the district court on May 30, 2017. Compl. Ex. G at 3. Plaintiff argued that the district court's original disbarment order was void for lack of jurisdiction because the court did not first issue an order to show cause, which plaintiff asserted was mandated by Theard v. United States, 354 U.S. 278, 282 (1957). Compl. Ex. F at 1-2.

In a March 14, 2018 decision denying plaintiff's motion to vacate the disbarment order, the district court noted that plaintiff did not take any action in response to that order. Compl. Ex. E. The district court also observed that plaintiff remained disbarred. Id. Plaintiff filed a motion for reconsideration, see generally Compl. Ex. G, which was denied on April 18, 2018, Compl. Ex. H.

Plaintiff filed the instant complaint on May 20, 2019, seeking a declaratory judgment vacating the district court's disbarment order. On July 22, 2019, defendant filed a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Briefing on defendant's motion to dismiss is complete. The parties have not requested oral argument, and the court deems it unnecessary. Thus, the motion is ripe for adjudication.

## II. LEGAL STANDARDS

### A. Standard of Review

When considering whether to dismiss a complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1), a court assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). However, plaintiffs proceeding pro se are not excused from meeting basic jurisdictional requirements, see Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995), even though the court holds their complaints to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972). In other words, a plaintiff (even one proceeding pro se) must establish, by a preponderance of the evidence, that the court possesses subject-matter jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Trusted Integration, 659 F.3d at 1163. If jurisdictional facts are

challenged, the court is not limited to the pleadings in determining whether it possesses subject-matter jurisdiction. See, e.g., Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014); Pucciariello v. United States, 116 Fed. Cl. 390, 400 (2014). If the court finds that it lacks subject-matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim.

### B. Subject-Matter Jurisdiction

Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall) 506, 514 (1868). Either party, or the court sua sponte, may challenge the existence of subject-matter jurisdiction at any time. Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). Further, "[w]hen waiver legislation contains a statute of limitations, the limitations provision constitutes a condition on the waiver of sovereign immunity." Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983).

The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2012). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

In addition, to fall within the jurisdiction of the Court of Federal Claims, any claim against the United States filed in this court must be "filed within six years after such claim first accrues." 28 U.S.C. § 2501; see also John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 133-34 (2008) (holding that the limitations period set forth in 28 U.S.C. § 2501 is an "absolute" limit on the ability of the Court of Federal Claims to reach the merits of a claim). "A cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, i.e., when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money.'" Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc) (quoting Nager Elec. Co. v. United States, 368 F.2d 847, 851 (Ct. Cl. 1966)).

## III. ANALYSIS

Plaintiff's sole claim for relief is a request for a declaratory judgment to overturn his district court disbarment. As defendant argues, the Court of Federal Claims lacks subject-matter jurisdiction to entertain plaintiff's claim for three independent reasons. First, plaintiff's claim is time-barred. Second, this court does not have the general power to issue declaratory judgments. Third, the Court of Federal Claims lacks the power to review the decisions of other courts.

### A. Plaintiff's Claim Is Time-Barred

Defendant first argues that plaintiff's complaint should be dismissed as untimely because plaintiff's claim accrued in 2002, when the district court issued its disbarment order. Def.'s Mot. 4-5. Because that action occurred seventeen years ago, defendant explains, it is well beyond the court's six-year statute of limitations, which serves as "a jurisdictional prerequisite to proceeding in this Court." Id. at 4 (citing John R. Sand & Gravel Co., 552 U.S. at 134). In his response, plaintiff stresses that his claim is not time-barred because his motion to vacate the disbarment order was adjudicated in 2018. Pl.'s Resp. ¶ 2. Plaintiff acknowledges that while "the subject of the event in 2018 . . . occurred in 2001 . . . , a remedy remained available, without any time limitation." Id. ¶ 3. In other words, plaintiff contends that although the subject matter of the litigation is the district court's April 17, 2002 disbarment order, because he had no time limit to file a motion to vacate that order, and did so in 2018, the statute of limitations does not bar his claim.

At bottom, plaintiff challenges the district court's April 17, 2002 disbarment order. Regardless of its merits, plaintiff's claim is time-barred because any claim that could accrue from plaintiff's district court disbarment did so in 2002. While it is true that plaintiff commenced a proceeding before the district court in 2018 to attempt to have that order voided, plaintiff's claim in this court nevertheless arises from the April 17, 2002 order. Without the disbarment order, plaintiff would have no articulable basis for the instant complaint. Plaintiff's assertion that the 2018 proceeding to vacate the order brings his claim within the six-year statute of limitations is unavailing because that proceeding was merely undertaken to advance plaintiff's true goal—removal of the 2002 disbarment order. See Pines Residential Treatment Ctr., Inc. v. United States, 444 F.3d 1379, 1380 (Fed. Cir. 2006) ("Regardless of a party's characterization of its claim, we look to the true nature of the action in determining the existence or not of jurisdiction." (internal quotation marks omitted)). Were the court to adopt plaintiff's argument that such a late motion restarts the statute of limitations, it would render the statute of limitations meaningless. In short, the court's statute of limitations bars plaintiff's claim.

### B. Declaratory Relief is Not Available for Plaintiff

Defendant next observes that plaintiff does not seek money damages, but instead seeks a declaratory judgment, and argues that while the Court of Federal Claims may issue declaratory judgments "where such rulings are necessary to the resolution of a claim for money presently due and owing, it lacks power to issue such declarations where the plaintiff is not even seeking

monetary damages." Def.'s Mot. 3 (citing Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716 (Fed. Cir. 1998)). Plaintiff insists that this court possesses subject-matter jurisdiction even though he does not request monetary relief because 28 U.S.C. § 1491(a) provides "that this Court has jurisdiction to issue a 'judgment' adjudicating 'any claim'—again, 'any claim'—'against the United States', inter alia, 'arising from the Constitution' and 'any claim', by definition, includes a claim which does not—again, does not—seek monetary damages . . . ." Pl.'s Resp. ¶ 4. Plaintiff remarks that the Declaratory Judgment Act, 28 U.S.C. § 2201, permits "any court" to issue declaratory relief, including this court. Id. In reply, defendant notes that the Declaratory Judgment Act does not provide for declaratory relief in this court "because Congress decided 'not to make the Declaratory Judgment Act applicable to the Court of Federal Claims.'" Def.'s Reply 2 (quoting Nat'l Air Traffic Controllers Ass'n, 160 F.3d at 716-17).

Plaintiff's claim for declaratory relief fails because there is no underlying claim for monetary damages. With a few exceptions not relevant in this case,[2] the Court of Federal Claims does not possess the power to enter general declaratory relief absent a connection to a claim for monetary damages. See Bowen v. Massachusetts, 487 U.S. 879, 905 & n.40 (1988); Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. Dep't of Homeland Sec., 490 F.3d 940, 943 (Fed. Cir. 2007); Kanemoto v. Reno, 41 F.3d 641, 644-45 (Fed. Cir. 1994). Further, "[t]he Court of Federal Claims has never been granted general authority to issue declaratory judgments" since Congress specifically chose "not to make the Declaratory Judgment Act applicable to the Court of Federal Claims." Nat'l Air Traffic Controllers Ass'n, 160 F.3d at 716-17. Here, plaintiff asks the court to vacate a district court order, and only seeks declaratory, not monetary, relief. The fact that plaintiff also prays for whatever relief the "court deems just and proper" does not alter the fact that plaintiff sought no monetary damages in his complaint. Thus, the court concludes that it lacks jurisdiction to issue the declaratory judgment requested by plaintiff.

### C. The Court of Federal Claims Cannot Review Decisions of Other Courts

Finally, defendant contends that this court does not have jurisdiction to review the district court's disbarment proceeding because the Court of Federal Claims "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts." Def.'s Mot. 4 (quoting Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994)). Plaintiff maintains, however, that "this Court has jurisdiction to issue an Order to 'any' official of the United States, 'any' official of the United States including, by definition, a Clerk of a United States District Court, as sought herein." Pl.'s Resp. 4. Specifically, plaintiff asserts that the district court's failure to issue a show-cause order prior to disbarring him contravened the United States Supreme Court's ("Supreme Court") holding in Theard, and failing to obey the mandate of the

---

[2] See 28 U.S.C. § 1491(a)(2) (providing the court with jurisdiction to issue, "as incident of and collateral to" an award of money damages, "orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records"); id. (providing the court with jurisdiction to render judgment in nonmonetary disputes arising under the Contract Disputes Act of 1978); id. § 1491(b)(2) (providing the court with jurisdiction to award declaratory and injunctive relief in bid protests); id. § 1507 (providing the court with jurisdiction to issue declaratory judgments under 26 U.S.C. § 7428).

Supreme Court consequently operates to deprive a court of jurisdiction, rendering the disbarment void. Compl. ¶¶ 3-4. Plaintiff argues that because the district court failed to follow Supreme Court precedent, it violated "Article III, Section I, of the Constitution of the United States" and because this violation caused plaintiff injury, the Court of Federal Claims has subject-matter jurisdiction under the Tucker Act to entertain his claim. Id. ¶¶ 4-5.

Plaintiff's argument fails because this court does not sit in review of the United States District Court for the Eastern District of New York or any other federal district court. Binding precedent is crystal clear on this proposition: "[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts." Joshua, 17 F.3d at 380. Contrary to plaintiff's assertion, the Court of Federal Claims does not possess untrammeled power to issue orders to any official of the United States. Plaintiff's recourse, if any, concerning prior adverse decisions is via "the statutorily defined appellate process," Shinnecock Indian Nation v. United States, 782 F.3d 1345, 1353 (Fed. Cir. 2015). In other words, judicial decisions can only be reviewed by the appropriate appellate court. Plant v. Spendthrift Farm, Inc., 514 U.S. 211, 218-19 (1995).

## IV. CONCLUSION

For the reasons explained above, the Court of Federal Claims lacks subject-matter jurisdiction to entertain plaintiff's claim. Therefore, the court **GRANTS** defendant's motion and **DISMISSES** plaintiff's complaint **WITHOUT PREJUDICE**. No costs. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Chief Judge